May it please the court, I'm Michael W. Dolan, attorney for Elizabeth Lazaro, petitioner in this case. I'll not discuss the facts except as they're relevant to the legal arguments in the case. The facts are relatively simple. Although there are only two issues in the case, Ms. Lazaro filed the petition for three reasons. The first reason was that she could not obtain a complete recording of the MSPB hearing. There were significant gaps in the tapes. It has been resolved. I bring it up because I want to acknowledge the government's help in getting that done. Only until the Justice Department came into that case were we able to withdraw the motion. The Justice Department was able to get the recordings for us from the MSPB. Can I move you to the two issues that you've raised on appeal? Yes. Well firstly on the second one I'd like to clear up something on the exclusion of the witness or the failure of the AJ to exclude the witness. Yes. The government contends at the end of its brief that the witness left anyway. That she was never there in any way. The witness that your client objected to and that the district that the AJ said did not have to leave left anyway. If that's the case then why are we here? The record doesn't reflect that, your honor. Just as the record doesn't reflect my client's recollection that that person came back for the second day of hearings a week later. The record doesn't reflect that. The record does reflect though that the AJ, the administrative judge, did acknowledge other people in the witness room and did sort of keep track for the record who was in the witness room. I think it's in the government's brief. I know it's in the government's brief where they point out. In the witness room? I'm sorry, in the court room, your honor. That the people in the back of the room were neither parties or witnesses. And the administrative judge seemed to keep track of the record. She didn't in this case. You would think that if Ms. Morphy, the witness who had just testified, the superior of the witness who was about to testify, you would think that if she did leave the room, the administrative judge would have reflected that in the record. So the record is silent on the issue. So your client's contention is that the supervisor was in the court room during the testimony of the other witness? My client's memory may be that she left the court room. But we don't, the record doesn't reflect that. And my client also reflects though that the same person came back a week later. That's not in the record. I want to make that clear. What does that mean? I don't know. She's presumably a government official. I thought, what's the contention you have here? I thought that there was prejudicial error because the judge erroneously, in your view, refused to, or failed to tell the witness to leave, the former witness, to leave the court room. That's correct. And you're saying now that the witness is present, you're acknowledging that the person at issue wasn't in the court room during the testimony? I can't acknowledge that. My client thinks that the government may be right. But that's after the fact. I mean, this is six months later. The record doesn't reflect that though. Just as the record doesn't reflect that she came back, I'm going to repeat myself. So your client is here asking for a new hearing because she claims she was prejudiced by the fact that this person was sitting in the court room. But now you're acknowledging that you don't think the person was necessarily in the court room. Your Honor, I think it's irrelevant, or I would argue it's irrelevant, that whether she left, the damage had been done. Ms. Morphy, again, the superior of the witness about to the deciding official in this case, Ms. Morphy wants to stay. The witness is on the stand already. The record does reflect that. The damage had been done because if there was intimidation, we don't know even on the record from that, Ms. Lazaro raised the possibility of intention of... Isn't this something entirely within the discretion of the presiding judge I've presided over lots of trials and I find it alarming that someone would appeal something so much within the discretion of an official presiding over a trial. Except that here, Your Honor, the error was an error of law. The judge was not exercising her discretion. She insisted that she had no authority to exclude the witness. But on the merits, Mr. Dolan, didn't the AJ find that there was no connection, no nexus between the complaint and the agency's action and there were credibility findings concerning her behavior which justified the disciplinary action? That's what the case is about. To quote from the AJ, the appellant has offered no evidence that the agency's action was retaliatory. No evidence. That's pretty categorical. Quoting from the AJ's opinion. That's the first issue. The first issue in the case was the fact that the AJ did not rule on the affirmative defense of retaliation for a... I find that appellant has failed to establish her affirmative defense of retaliation. There were two. One was retaliation for filing an EEO claim. One was retaliation for filing a congressional inquiry. But if the personnel action was justified and it was not in response... it had nothing to do with one complaint, isn't it fair to assume it had nothing to do with the other complaint? There are two complete... the two issues of retaliation. One was for an EEO complaint, filing an EEO complaint. One was writing a letter to a congressman. Provoking a congressional inquiry. Those were two completely separate... But isn't it fair for the judge to dispose of both of them by saying, I see no evidence of retaliation? Wouldn't that necessarily cover both claims? Did she have to say, I see no evidence of retaliation with respect to each of the claims? Is that what you're saying? I am saying that, Your Honor. She spent three pages of her decision describing why there was no retaliation for the EEO claim. Pointing out the fact, in fact, that there was a gross length of time, period of time, five months... What was the evidence your client put in with respect to the second, what you call the second claim of retaliation? She testified about it. There was testimony... That she sent a letter. Yes. And that when the, presumably, was there evidence put in that the agency knew about the letter? The... yes, there was. One of the officials knew about the letter. He did not see it. And your client testified what? That as a result of them knowing about the letter, that's why they proposed... That's right. That's what she believed. Wasn't the time frame, like, overlapping here? No, the time frame for the EEO claim, according to the... Not the EEO claim. I'm talking about the letter. It was 13 days. The agency was notified by, I guess, Eleanor Holmes-Norton that her client had complained. Yes. Wasn't that, like, a few days right before she got the notice of removal? It was. So your contention... It was 13 days before she got the notice, between the time the congressional letter from the congresswoman came in and the time she had her notice of removal. So your contention was that the reason for the notice of removal was because they found out that she had sent the letter to Eleanor Holmes-Norton? That was the contention before the hearing. My contention today is that the administrative judge never ruled on it. We're still waiting for a ruling on it. Well, I'm just trying to see what kind of evidence then your client put in to establish that it was retaliatory and that this was a contributing factor to the agency's decision to remove her. And you say she testified about the letter? She testified about the letter. Anything else she put on any other evidence? That there was some nexus between... And she testified about the length of time. Right. But she did not, you know, she had no, she did not have any direct evidence of an official saying, we fired her because we got the letter. She doesn't have anything like that. Was there any evidence with regard to whether or not this constituted protected activity? Well, I think one can assume that writing one's congressman, in fact, there's a statute that, you know, that covers that, which makes it a right. Irrespective of the content in the letter to Congress? Well, 5 U.S.C. 7211, it says the right of every employee to petition a member of Congress may not be interfered with. Now, the interference would be what happened subsequently, the dismissal. You say you're still waiting for an answer. Is this case not final then? It is final. It is final. I'm being dramatic when I say that, Your Honor. You're saying you got an answer, but it wasn't articulated fully. There wasn't a discussion of the letter to the congresswoman. There was no ruling by the administrative judge on the affirmative defense of writing her congressman. So if the AJ had simply added one sentence to say, I also reject the contention with respect to L. Lee Elmore Holmes Norton's letter, that would be sufficient. I mean, you're not seeking a new trial because of that issue. All that would be necessary to remedy what you allege is a violation here is to send it back to the AJ and have her add a sentence about the... Well, I would hope that she would be required to explain why this conclusory sentence may not be sufficient, but certainly it could be remedied by the administrative judge making that ruling. You are into your rebuttal time, which you may save or use as you see fit. I will save my rebuttal time if there are no further questions. Thank you. Mr. Preheim. Good morning. May it please the court. Mrs. Lazzaro did not raise a separate affirmative defense of whistleblowing. To be clear, the administrative judge issued her affirmative defense order, which she instructed... She didn't raise a separate one relating to the Norton letter. Well, there are actually sort of two issues. That's right, with respect to the Norton letter, but also in the appeal now, Mrs. Lazzaro raises the issue of the OSC, the Office of Special Counsel, a letter or a complaint that she apparently submitted. Let's leave that aside. I guess I really do have a question based on the record. It seems that she, for whatever their worth, whatever their merit, she alleged it was retaliated as an affirmative defense, that it was retaliation for two things, right? The EEO complaints and the letter to Congressional Inquiry. In her affirmative defense filing, she only referenced the EEO complaint. The administrative judge then issued another order and said, please set forth the factual basis for that affirmative defense. And in that context, Mrs. Lazzaro did mention the fact that she had sent a letter to the Congresswoman. So the answer to my question is yes. She raised two matters, the EEO complaint and the letter to Congressman Norton. She did mention the fact that she sent the letter to Congressman Norton, but not as a separate affirmative defense in the context. Separated together means if she raises two things that happened that she thinks were retaliatory, the judge dealt with one and not with the other. Well, the judge dealt with the EEO complaint and also said, to quote from the judge's decision, other than the fact that she filed an EEO complaint, the appellant has offered no evidence that the agency's action was retaliatory. In other words, there wasn't any evidence proffered at the hearing other than some limited testimony regarding the letter. Mrs. Lazzaro never actually introduced the letter of Congressman Norton at the hearing. It wasn't on her witness list, excuse me, exhibit list. It wasn't on the agency's exhibit list. Now, it is in the record as part of one of the agency's pre-hearing filings, but it was never introduced at the hearing. What was never introduced? The letter to Congressman Norton? That's right, the letter to Congressman Norton. Was there any dispute? I mean, she testified, I sent the letter. The other side didn't dispute that, right? We didn't dispute that she sent a letter, but without the actual letter, we don't know, the administrative judge, without the letter being introduced at the hearing, the administrative judge doesn't know what the content of the letter is. She didn't testify about the content of the letter? She made vague allegations that she was notifying the Congresswoman that her privacy had somehow been violated. Now, as I said, the letter is actually in the record. And if you look at, and this is another reason why the court should affirm the board's decision, if you look at the contents of the letter, what the letter says is, again, she alleges that her privacy was somehow affected. She also makes vague allegations that the National Archives had somehow revised its policies and that those policies are somehow now discriminatory, but she doesn't say what those policies are, she doesn't say how they're discriminatory. But that's not the issue we're deciding. The question isn't whether or not there was any merit to her contention. The other side isn't suggesting that we necessarily have to find that her contention was meritorious. The only issue he's raised here, as I understand it, is that the A.J. should have said that. She raised these allegations, she put on facts, okay, they're deficient, they're insufficient, but the only question I think the other side has raised, and as the A.J. was required to say, I reject that claim at a minimum. Why is he wrong about that? Why would you have to deal with that? He's wrong for a couple of reasons. First, as I said, the administrative judge did, while she didn't specifically mention the letter to Congressman Norton, she did say other than the EEO complaint, there is no evidence of retaliation. She also said that the proposing official, that the EEO complaint had no impact on the proposing official's decision. There's no dispute that she resolved the EEO issue. And our point is that she simply didn't put on sufficient evidence to prove her claim, and that's what the administrative judge said by saying, other than the fact that she filed an EEO complaint, there is no evidence of any retaliation. But our point is also that, setting that aside, let's assume that she did raise the issue of the letter to Congressman Norton. On its face, it's not a protected disclosure. Under the statute, it's not about unlawful conduct. It's not about a gross waste of resources. It's not about gross mismanagement. All I'm suggesting is that doesn't matter for our purposes, whether or not it was meritorious, whether or not it meant any of that. It seems like the other side is simply contending that the A.J. was required to say that, or to make a finding in that regard, which you'll agree she did not write. That's right. She did not make that finding. But our point is that, if on the face of the letter it's not a protected disclosure, a remand to the administrative judge is pointless. This court reviews judgments, not opinions. And based on the fact that the letter itself is obviously not a protected disclosure, Now, the letter complained about treatment to her, not waste, fraud, and abuse, a violation of law. That's right. Exactly. So what is the point of a remand? It would be pointless. What about the protected activity of simply being able to write your congressman, as the other side suggested? Let's assume we have an employer that actually fires him. Let's assume that the employer says, you shouldn't be writing your congressman about anything we do. And under the whistle? Is that not protected? I mean, maybe not as a whistleblower action, but is that not a valid affirmative defense to a discharge? It's not. 2302B sets forth the various personnel actions that are not permitted. B8 is where this letter could potentially fall, if it actually included protected disclosures. But B8 specifically says that it has to be about unlawful activity. In other words, it can't just be any letter to your congressman or congresswoman. It has to be a protected disclosure. Can I ask you about the second issue then raised? It seems to me the disagreement between you and the other side is not again whether she was right or whether she was wrong, but it seems, does it not, that what the AJ ruled was that she had no discretion to exclude the witness. And isn't that wrong? We would disagree. I think what the administrative judge said was that, absent a good reason, she can't exclude Ms. Murphy, who was a former witness. Where did she say that? I believe it's in the testimony that's attached to Ms. Lazzaro's appendix. Page 98 of Ms. Lazzaro's appendix at the very bottom. Judge Zamora, while these proceedings are open to the public, so unless there is a national security concern or minors, I do not have the authority to close the hearing. In other words, unless there is a good reason. But she didn't say unless there's a good reason. She says unless there's a national security. Mr. Proheim, Mr. Dolan said there was some kind of legal issue involved with this. Is there any legal issue involved here at all? The question is whether or not the administrative judge abused her discretion. Absolutely. This is something entirely within the discretion of the judge. And the judge is the one that we entrust to maintain order in his or her courtroom, right? That's right, Your Honor. And unless there's some enormous abuse of discretion, we wouldn't ever presume to tamper with someone's administration of their courtroom, would we? That's correct, Your Honor. But certainly there's no legal issue involved here, is there? No, Your Honor. It's an abuse of discretion. I couldn't find one in my thinking either. And just to emphasize, as we pointed out in our brief, there simply isn't any harm to Ms. Lazaroff and the administrative judge's decision here. She hasn't asserted any prejudice. She hasn't explained it. And the judge would be there to ensure that there's no intimidation of witnesses. And if any of that sort of thing happened, the judge would have at his or her disposal vast resources to correct the problem, right? That's right. So that's why this appellate court wouldn't even give time to this sort of an argument, would it? That's right, Your Honor. And I apologize for taking this time. Please go back to your argument. And just to make one final point in that regard, Your Honor, I think what I heard counsel say is that his client acknowledges that the government may be right, that the witness, in fact, did leave the hearing room and wasn't even present. There was a break. Ms. Lazaroff made her objection. But that's all irrelevant. That's right, Your Honor. This is something in the discretion of the judge. That's right. Your Honor, we have nothing further unless the court has any additional questions. No. No counsel is ever penalized for surrendering time. Thank you. We respectfully request that the board's decision be affirmed. Mr. Dolan, you have some rebuttal time. Yes, Your Honor. Thank you. The question about whether or not this was raised, when it was raised, we're talking about the first issue now, the question of retaliation. It was raised on, actually, I urge the court just to look at the hearing record, which is cited in my brief, where the judge raises it at the hearing itself, that this issue is still unresolved or the issue, I think she refers to the issue, when the witness is testified. Mr. Dolan, I'm still struggling to find out why there's some allegation that it wasn't resolved. The administrative judge says, other than the EEO complaint, the appellant has offered no evidence. Why doesn't that resolve all issues of retaliation, whether they're congressional letters or anything else that was or wasn't raised? There was no evidence of retaliation anywhere, other than the EEO complaint, which she disposes of as also saying there's no retaliation. So there is a finding on the record here, isn't there? A finding on the record that there was no evidence of retaliation of any kind, from a congressional standpoint, from an EEO standpoint, from any other standpoint. I think the judge is clearly there, or the administrative judge is clearly there, referring to the EEO complaint. How do we know that? She says, other than the EEO complaint, there's no evidence, and then she goes on to dispose of the EEO complaint. So it's very clear that it's a statement that the congressional letter or any other allegation of retaliation is not supported by any form of evidence. That's what the sentence says. Shouldn't we read that the way it's written? Well, Your Honor, I would think that the judge, after spending three pages talking about the EEO, she would mention the word retaliation. Well, if there's no evidence, she wouldn't have anything to write about, would she? So maybe she puts the one sentence in because that's all she has to say. Well, we know there's evidence. We know there's evidence. There's evidence of the letter. There is evidence that she was fired. There's evidence that they were incurred 13 days apart. Maybe that's sufficient. Maybe it's not. But the judge should have ruled on it. It did rule on it. It said there's no evidence. Do you read that differently? I respectfully disagree, Your Honor. I don't read it that way. I think that she's only referring to the EEO. But she says other than the EEO complaint, there's no evidence. She's ruling the EEO complaint out and then saying there's no other evidence. How do you read that otherwise? Well, the way I would parse it is she's saying that there is no evidence to support the EEO complaint, the retaliation of the EEO complaint. We're not talking about other evidence. We're actually talking about another affirmative defense, a separate affirmative defense, the affirmative defense of retaliation for the congressional. The only point I'd like to make in rebuttal is I think this could have all been settled at a much lower level if the MSPB would have heard this case. Instead, we're hearing something. Here we are, the United States Court of Appeals, arguing what some administrative judge decided or should have decided. If the MSPB had done their job and heard… We do this regularly, by the way, Mr. Dolan. It's quite common for the board to adopt as its own. It hasn't ignored the issue. It's adopted the opinion of the administrative judge. We are reviewing the board's finding that is reflected in the administrative judge's decision. That's right. I agree. We're reviewing the board. The board didn't ignore anything. Okay. I have nothing further. The court has nothing further. Thank you, Mr. Dolan. We have your case. You've been taken under advisement.